

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA                        No. 9:12-cr-80218-KAM

                                    Plaintiff,

          -against-

JOHN SHEALY, DYLAN HARRISON,

                                    Defendants.
-----------------------------------------------------------------------X


### INTERESTED PARTIES AS VICTIMS, DALE PUCKETT'S AND STONEPUCK, LLC'S, MOTION IN OPPOSITION TO DEFENDANTS' UNOPPOSED MOTION TO CONTINUE CALENDAR CALL AND TRIAL

Interested Parties as Victims, Dale Puckett and Stonepuck, LLC, (collectively hereinafter "Victims"), by and through their undersigned counsel, hereby file this Motion in Opposition to Defendants' Unopposed Motion to Continue Calendar Call and Trial, and state as follows:

On December 21, 2012, Defendants filed their Unopposed Motion to Continue Calendar Call and Trial [D.E. 117]. Victims maintain an interest in the prompt resolution of the instant matter in light of their pending civil case against Defendants, (*See Stonepuck, LLC et al. v. Kratom Lab, Inc., et al.,* 50-2012-CA-012646-XXXXMBAI (Fla. 15th Cir. Ct.), Complaint attached hereto as Exhibit 1)[1], and the potential receipt of restitution pursuant to 18 U.S.C. § 3663[2]. Thus, Victims oppose Defendants' Unopposed Motion to Continue Calendar Call and Trial.

---

[1] A Motion to Amend the Complaint is currently pending before the Circuit Court to allow Victims to plead certain allegations with greater specificity.

[2] 18 U.S.C. § 3663, states in relevant part, "[t]he court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to . . . any other penalty authorized by law, that the defendant make restitution to any victim of such offense . . . ." 18 U.S.C. § 3663(a)(1)(A).

As a direct result of Defendants' allegedly felonious actions, Victims suffered substantial monetary losses, including, but not limited to, loss of business profits and customer property, which they seek to recover from Defendants. *See Declaration of Dale Puckett,* attached hereto as Exhibit 2. The outcome of the instant matter could have a significant effect on Victims' civil claim and their right to restitution, and as such, Victims respectfully request this Court deny Defendants' Motion in order to facilitate a swift resolution of the instant matter.

**CONCLUSION**

For the foregoing reasons, Victims respectfully request the Court deny Defendants' Unopposed Motion to Continue Calendar Call and Trial and award such other relief as the Court deems proper.

Respectfully submitted,

Michael A. Kaufman, Esquire.
Law Office of Michael A. Kaufman, P.A.
1655 Palm Beach Lakes Blvd, Suite 1012
West Palm Beach, Florida 33401
Michael@mkaufmanpa.com
561-478-2878 – Telephone
561-584-5555- Fax

/s/ Michael A. Kaufman
Michael A. Kaufman, Esq.
Florida Bar No. 628042

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 4, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that a true and correct copy of the foregoing was served on all counsel or parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Michael A. Kaufman
Michael A. Kaufman, Esq.
Florida Bar No. 628042

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

STONEPUCK, LLC, a Florida
Limited Liability Company, and
DALE PUCKETT, individually,

Case No.:

2012 CA 012646 XXXXMB

       Plaintiffs,

vs.

KRATOM LAB, INC., DBA MR. NICE GUY,
a Florida Corporation; LOWEN PROPERTIES,
a Sole Proprietorship; JACK LOWEN, individually;
JOHN SHEALY, individually; DYLAN HARRIS,
individually; and MICHAEL BRYANT, individually

       Defendants.

_____/



**COMPLAINT**

    **COMES NOW** the Plaintiffs, **Stonepuck, LLC** ("Stonepuck") and **Dale Puckett** (hereinafter

collective referred to as "PLAINTIFFS"), by and through their undersigned counsel, Michael A.

Kaufman, P.A., hereby file this complaint against **KRATOM Lab, Inc.** ("KRATOM"), **Lowen**

**Properties, Jack Lowen, John Shealy, Dylan Harris,** and **Michael BRYANT** (collectively, the

"DEFENDANTS"), and respectfully state as follows:

**GENERAL ALLEGATIONS**

    1.     This is an action for damages greater than $15,000.00 exclusive of attorney's fees and

costs and is otherwise within the jurisdictional limits of this Court.

    2.     PLAINTIFF, Stonepuck, is a Florida Limited Liability Company having a business

address of 1708 West Terrace Drive, Lake Worth, Florida 33460.

    3.     PLAINTIFF, Dale Puckett, is over the age of 18, is a resident of Palm Beach County,

Florida and is otherwise *sui juris.*

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

4.      Upon information and belief, DEFENDANT, Lowen Properties is a sole proprietorship owned by Jack Lowen doing business in Palm Beach County, Florida.

5.      DEFENDANT, KRATOM Lab, Inc. DBA Mr. Nice Guy, is a Florida corporation having a business address of 351 North Congress Avenue, Suite 129, Boynton Beach, Florida 33426, and a former business address of 5531 Georgia Avenue, West Palm Beach, Florida 33405.

6.      That the DEFENDANT, Jack Lowen, is above the age of 18, and at all times material hereto *sui juris*.

7.      That the DEFENDANT, John Shealy, is above the age of 18, and at all times material hereto *sui juris*.

8.      That the DEFENDANT, Dylan Harris, is above the age of 18, and at all times material hereto *sui juris*.

9.      That the DEFENDANT, Michael Bryant is above the age of 18, and at all times material hereto *sui juris*.

10.     The PLAINTIFFS have retained the services of MICHAEL A. KAUFMAN, P.A. to represent them in connection with this cause of action and have agreed to pay reasonable attorney's fees for said representation.

**THE PARTIES**

11.     Plaintiff Stonepuck is a limited liability company incorporated in the state of Florida with a business address at 6817 Norton Avenue #3, West Palm Beach, Florida 33405.

12.     Plaintiff Dale Puckett is the President of Stonepuck, LLC.

13.     Upon information and belief, Lowen Properties is a sole proprietorship doing business in Palm Beach County, Florida.

14.     Jack Lowen is the rental agent and owner of Lowen Properties with a residential address at 7800 Edgewater Drive, West Palm Beach, Florida 33406.

2

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

15.     Upon information and belief, KRATOM is a Florida corporation with a business address of 351 North Congress Avenue, Suite 129, Boynton Beach, Florida 33426, and a former business address of 5531 Georgia Avenue, West Palm Beach, Florida 33405.

16.     Upon information and belief, John Shealy is the president, owner and founder of KRATOM.

## FACTUAL ALLEGATIONS

17.     On or about December 15, 2011, Dale Puckett, d/b/a Stonepuck, entered into a month-to-month lease for commercial space (the "Lease") with Lowen Properties a copy of which is attached hereto as Exhibit A.

18.     Under the Lease, Lowen agreed to rent commercial space to Puckett at 5331 Georgia Avenue, West Palm Beach, Florida 33405 (the "Georgia Avenue property").

19.     Puckett and Stonepuck paid Lowen the first and last month's rent plus tax, a dumpster fee, and a security deposit under the Lease.

20.     Until the date of the fire, Puckett and Stonepuck had continued to pay rent on a monthly basis to Lowen/Lowen Properties.

21.     Stonepuck, LLC is in the business of manufacturing and repairing various stone products for aesthetic purposes.

22.     Until the date of the fire, Stonepuck employed nine employees at the Georgia Avenue property.

23.     Upon information and belief, sometime around May, 2011, KRATOM and/or Shealy occupied an adjoining space in the Georgia Avenue property.

24.     Upon information and belief, KRATOM and/or Shealy occupied the space pursuant to a lease between KRATOM and/or Shealy as lessee(s) and Lowen and/or Lowen Properties as lessor(s).

3

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

25. Upon information and belief, KRATOM and Shealy purported to operate a business at the Georgia Avenue property as a manufacturer and seller of incense when, in fact, they were actually producing and selling synthetic marijuana, a/k/a fake pot, Mr. Nice Guy, and various other "street" names.

26. Upon information and belief, KRATOM and Shealy employed one or more persons at the Georgia Avenue property to manufacture the synthetic marijuana product.

27. The manufacturing process for the synthetic marijuana product involves the heavy use of acetone and other highly flammable and potentially explosive chemicals.

28. On May 21, 2012, an explosion originating from the adjoining space rented out by KRATOM and/or Shealy' caused severe damage to the building. By the time Puckett arrived at the Georgia Avenue property, the explosion had developed into a fire that damaged both KRATOM/Shealy's workspace as well as Stonepuck and Puckett's workplace.

29. The intensity of the explosion was such that Puckett's garage door was blown onto house behind them, KRATOM's garage door was blown two blocks away, and severe damage was done to the roof of the building. The subsequent fire melted various metal components of the roof and ceiling creating an uninhabitable and dangerous work environment.

30. As a direct result of the explosion and subsequent fire, the Plaintiffs' business space was left completely unusable for business and Plaintiffs were forced to stop work.

31. As a direct result of the explosion and subsequent fire, the Plaintiffs' suffered severe damage to their tools, many being damaged beyond repair, and others remain trapped inside the building.

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

32.    The premises at the Georgia Avenue property since the explosion and fire have continued to be unsuitable for Plaintiffs' business activity due to the damage caused by the explosion and subsequent fire.

33.    About four weeks prior to the May 21, 2012 incident, Puckett spoke with one of KRATOM's employees and complained about their use of noxious chemicals which made it very difficult for Plaintiffs to operate their business due to the noxious fumes emitted by KRATOM's manufacturing activities.

34.    About three weeks prior to the May 21, 2012 incident, Puckett spoke with Lowen and complained about KRATOM and Shealy's use of noxious and dangerous chemicals in the adjoining business space at the Georgia Avenue property.

35.    Upon information and belief, no or insufficient effort was made by either KRATOM/Shealy or Lowen to reduce the use of noxious and dangerous chemicals, including acetone, at KRATOM's business space in the Georgia Avenue property.

36.    KRATOM, Shealy, Lowen Properties and Lowen's acts and/or failure to act resulted in the May 21, 2012 incident, which resulted in catastrophic loss to Plaintiffs.

37.    As a result of the May 21, 2012 incident, Plaintiffs have been unable to resume business activity at the Georgia Avenue property, and have had to relocate their place of business in order to continue operations.

38.    As a result of the May 21, 2012 incident, Plaintiffs have endured losses to business profits and customer property, and have had to bear the cost of repairing and/or replacing many of their work tools.

5

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

### FIRST CLAIM FOR RELIEF
Breach of Implied Covenant of Quiet Enjoyment
Claim Against Lowen Properties and Jack Lowen

39.   Plaintiffs incorporate each and every allegation of paragraphs 1-38 as though fully set forth herein.

40.   An ordinary lease, in absence of express covenant, carries an implied covenant of quiet and peaceable enjoyment.

41.   Upon information and belief, Lowen Properties and Jack Lowen willingly rented space with KRATOM and/or Shealy at the Georgia Avenue property.

42.   Upon information and belief, Lowen Properties and Jack Lowen knew or should have known the activities with which KRATOM and/or Shealy were about to engage at the Georgia Avenue property.

43.   Alternatively, Lowen Properties and Jack Lowen knew or should have known at some time subsequent to renting the Georgia Avenue property space to KRATOM and/or Shealy that they were engaging in the manufacturing of synthetic marijuana, which included the use of acetone and other dangerous and noxious chemicals.

44.   Whether by acts or failure to act, Lowen Properties and Jack Lowen authorized or condoned the manufacturing of synthetic marijuana, which included the use of acetone and other dangerous and noxious chemicals.

45.   The acts and failure to act by Lowen Properties and Jack Lowen have caused substantial injury to Stonepuck and Dale Puckett.

46.   Lowen Properties and Jack Lowen are liable to Stonepuck and Puckett for breach of the implied covenant of quiet enjoyment.

47.   Stonepuck and Puckett request an award of damages in excess of $150,000.00.

6

Stonepuck, LLC; and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

**WHEREFORE,** Plaintiffs demand judgment against Lowen Properties and Jack Lowen for breach of the implied covenant of quiet enjoyment by knowingly allowing KRATOM and/or Shealy to operate a business involving the use of noxious chemicals without proper procedures, protocols, or vapor barriers in place, for an amount in excess of $150,000.00 for damages, plus attorney's fees and costs, plus pre and post–judgment interest and any other relief this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### Breach of Contract against Lowen Properties and Jack Lowen

48.     Plaintiffs incorporate each and every allegation of paragraphs 1-47 as though fully set forth herein.

49.     Plaintiffs Stonepuck and/or Puckett entered into a lease agreement with Lowen Properties, sole proprietorship of Jack Lowen.  Pursuant to the lease agreement attached hereto as Exhibit A, there was a month to month lease agreement in the amount of $1,000.00 per month plus $60.00 each for tax and dumpster fees.

50.     Defendants Lowen Properties and/or Jack Lowen breached that contract by failing to provide a space to the tenant on a monthly basis after the May 21, 2012 incident.

51.     As a result of the Breach of Contract, Plaintiffs suffered damages to their business as operations were interrupted, and tools and customer property was destroyed or remains trapped inside the damaged Georgia Avenue property

**WHEREFORE,** Plaintiffs demand judgment against Lowen Properties and Jack Lowen for breach of contract by failing to provide a space to the tenant in a timely fashion after the May 21, 2012 incident, for an amount in excess of $150,000.00 for damages, plus attorney's fees and costs, plus pre and post–judgment interest and any other relief this Court deems just and proper.

7

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

## THIRD CLAIM FOR RELIEF
Negligence against Lowen Properties and Jack Lowen

52.     Plaintiffs incorporate each and every allegation of paragraphs 1-51 as though fully set forth herein.

53.     Lowen Properties and Jack Lowen had a duty to Stonepuck and Puckett to maintain the Georgia Avenue property in a condition that was safe for the normal business activities of their tenants.

54.     Lowen Properties and Jack Lowen had a duty to Stonepuck and Puckett to prevent or stop dangerous activities from taking place at the Georgia Avenue property.

55.     Lowen Properties and Jack Lowen breached their duty of care by failing to prevent or stop the dangerous activities of KRATOM, including the negligent or reckless use of acetone and/or other chemicals, at the Georgia Avenue property.

56.     Lowen Properties and Jack Lowen's failure to prevent or stop the dangerous activities of KRATOM, including the negligent or reckless use of acetone and/or other chemicals, at the Georgia Avenue property were the proximate cause of the explosion and fire that occurred on May 21, 2012.

57.     Lowen Properties and Jack Lowen's failure to prevent or stop the dangerous activities of KRATOM, including the negligent or reckless use of acetone and/or other chemicals, at the Georgia Avenue property were the proximate cause of the resulting damages to Stonepuck and Puckett.

58.     Lowen Properties and Jack Lowen are liable to Stonepuck and Puckett for damages as a result of their negligence.

59.     Stonepuck and Puckett seek an award in excess of $150,000.00 against Lowen Properties and Lowen.

**WHEREFORE,** Plaintiffs demand judgment against Lowen Properties and Jack Lowen for negligence by knowingly allowing KRATOM and/or Shealy to run a manufacturing process involving the use of dangerous and volatile chemicals in an unfit environment to run such a process, for an amount

8

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

in excess of $150,000.00 for damages, plus attorney's fees and costs, plus pre and post — judgment

interest and any other relief this Court deems just and proper.

<strong><u>FOURTH CLAIM FOR RELIEF</u></strong><br>
Negligence Against KRATOM, Shealy, Harris, and Bryant

60.   Plaintiffs incorporate each and every allegation of paragraphs 1-59 as though fully set forth

herein.

61.   KRATOM, Shealy, Harris, and Bryant had a duty to Stonepuck and Puckett to maintain

their portion of the Georgia Avenue property in a safe condition.

62.   KRATOM, Shealy, Harris, and Bryant had a duty to Stonepuck and Puckett to conduct

their business operations, including their direction and management of KRATOM employees, in a safe

and reasonable manner.

63.   KRATOM, Shealy, Harris, and Bryant failed to maintain their business premises in safe

condition.

64.   KRATOM, Shealy, Harris, and Bryant failed to conduct their business operations,

including their direction and management of KRATOM employees, in a safe and reasonable manner.

65.   KRATOM, Shealy, Harris, and Bryant's failure to conduct their business operations in a

safe and reasonable manner and to maintain their business premises in a safe condition caused the

explosion and subsequent fire to occur on May 21, 2012 at the Georgia Avenue property.

66.   Plaintiffs suffered substantial injury as a result of the explosion and fire that occurred on

May 21, 2012 at the Georgia Avenue property.

67.   KRATOM, Shealy, Harris, and Bryant are liable to Plaintiffs for damages suffered in an

amount in excess of $150,000.00.

**WHEREFORE,** Plaintiffs demand judgment against KRATOM, Shealy, Harris, and Bryant for

negligence on their part by their failure to create a proper and safe environment for a manufacturing

9

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

process involving the use of dangerous chemicals, for an amount in excess of $150,000.00 for damages,

plus attorney's fees and costs, plus pre and post – judgment interest and any other relief this Court

deems just and proper.

## FIFTH CLAIM FOR RELIEF
Gross Negligence Against KRATOM, Shealy, Harris, and Bryant

68.     Plaintiffs incorporate each and every allegation of paragraphs 1-67 as though fully set forth

herein.

69.     KRATOM, Shealy, Harris, and Bryant knew or should have known that they were

engaging in a dangerous manufacturing process using chemicals and chemical processes that they were not

qualified to handle.

70.     KRATOM, Shealy, Harris, and Bryant acted recklessly and without regard for the safety of

others, including Plaintiffs, in engaging in the manufacture of so-called incense, but what was really

synthetic marijuana.

71.     KRATOM, Shealy, Harris, and Bryant continued to engage in the manufacture of synthetic

marijuana, despite Plaintiff Puckett's warning and complaints about their use of noxious chemicals.

72.     KRATOM, Shealy, Harris, and Bryant recklessly disregarded basic safety measures and

procedures in manufacturing the synthetic marijuana.

73.     KRATOM, Shealy, Harris, and Bryant's recklessness and/or gross negligence constituted a

threat to public safety as well as to Plaintiffs.

74.     KRATOM, Shealy, Harris, and Bryant's recklessness and/or gross negligence were the

proximate cause of the explosion and subsequent fire that occurred on May 21, 2012 at the Georgia Avenue

property.

75.     As a result of KRATOM, Shealy, Harris, and Bryant's recklessness or gross negligence,

Plaintiffs suffered substantial injury from the May 21, 2012 incident at the Georgia Avenue property.

10

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

76.    KRATOM, Shealy, Harris, and Bryant are liable to Plaintiffs for punitive damages in the amount of $1 million.

**WHEREFORE,** Plaintiffs demand judgment against KRATOM, Shealy, Harris, and Bryant for gross negligence on their part by knowingly and willfully engaging in a manufacturing process involving the use of dangerous chemicals for which they were not qualified to handle, and had not taken appropriate safety measures to ensure the safety of their workers, adjoining tenants, and the general public, for punitive damages in the amount of $1,000,000.00 plus attorney's fees and costs, plus pre and post—judgment interest and any other relief this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
Declaratory Judgment of Constructive Eviction Against Lowen Properties and Jack Lowen

77.    Plaintiffs incorporate each and every allegation of paragraphs 1-76 as though fully set forth herein.

78.    About three weeks prior to the explosion and fire that occurred on May 21, 2012, Puckett notified Lowen Properties and Lowen of the dangerous condition of the Georgia Avenue property on which KRATOM and Shealy were conducting their business.

79.    Lowen Properties and Lowen's wrongful failure to act to prevent the dangerous activities of KRATOM and Shealy or willful acquiescence in the dangerous activities of KRATOM and Shealy at the Georgia Avenue property has rendered the leased property unsafe, unfit and unsuitable for occupancy in part or in whole.

80.    As a result of the explosion and fire that occurred on May 21, 2012, Plaintiffs have had to abandon their leased portion of the Georgia Avenue property.

81.    Plaintiffs seek a declaration of constructive eviction by Lowen Properties and/or Lowen and ask the Court to direct Lowen Properties and Lowen to return their security deposit and award damages.

11

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

**WHEREFORE,** Plaintiffs demand judgment against Lowen Properties and Jack Lowen for constructive eviction due to their failure to act after being informed by Plaintiff Puckett of the use of dangerous and volatile chemicals in the adjoining space, for the amount of the security deposit and an amount in excess of $150,000.00, for damages plus attorney's fees and costs, plus pre and post – judgment interest and any other relief this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### Private Nuisance Against All Defendants

82.     Plaintiffs incorporate each and every allegation of paragraphs 1-81 as though fully set forth herein.

83.     Upon information and belief, KRATOM, Shealy, Harris, and Bryant were the lessees of space in the Georgia Avenue property adjoining Plaintiff's leased premises.

84.     Upon information and belief, KRATOM, Shealy, Harris, and Bryant failed to use their portion of the Georgia Avenue property in a reasonable manner or to maintain their portion of the Georgia Avenue property in a reasonable condition.

85.     Upon information and belief, Lowen Properties and Jack Lowen failed to maintain the Georgia Avenue property in a reasonable and safe condition.

86.     Upon information and belief, Lowen Properties and Jack Lowen failed to adequately supervise the tenants, specifically KRATOM, Shealy, Harris, and Bryant, at the Georgia Avenue property, including with regard to the activities engaged in by KRATOM, Shealy, Harris, and Bryant at the Georgia Avenue property.

87.     As a result, Plaintiffs suffered injury to their business and property.

88.     Such acts and failure to act by some or all of the Defendants constitute a nuisance as to Plaintiffs.

12

Stonepuck, LLC, and Dale Puckett vs. KRATOM Lab, Inc., Lowen Properties, Jack Lowen, John Shealy, Dylan Harris, and Michael Bryant
Case No.:

89.     Plaintiffs request an award of damages against the Defendants in an amount in excess of $150,000.00.

**WHEREFORE,** Plaintiffs demand judgment against all Defendants on the basis of private nuisance due to their actions or failure to act contributing directly to the May 21, 2012 incident which caused a severe disturbance to Plaintiff's place of business and business operations, for an amount in excess of $150,000.00 for damages, plus attorney's fees and costs, plus pre and post – judgment interest and any other relief this Court deems just and proper.

Dated: West Palm Beach, Florida
        July 9, 2012

Law Office of Michael A. Kaufman, PA
1655 Palm Beach Lakes Boulevard
Suite 1012
West Palm Beach, Florida 33401
561-478-2878 – Telephone
561-584-5555- Facsimile
michael@mkaufmanpa.com - Email

By: _____
Michael A. Kaufman, Esq.
Florida Bar Number: 628042

13



EXHIBIT
"A"

Rental Agreement, Month To Month

December 15, 2011

Between: Lowen Properties and Dale Puckett DBA Stonepuck ███████

Starting Date: December 16, 2011

Address: 5331 Georgia Ave, West Palm Beach, FL 33405

Rate: $1000.00 per month plus 6.0% sales tax = $1060.00

Payment Location: 6620 Georgia Ave, West Palm Beach, FL, *33405*

*$1,000/mo Rent*
*60/mo. Tax*
*$60/mo. Dumpster*
*$1,120 / mo*

Rent Payment Due: The 16th day of each month.

Received the following payments:
|  |  |  |
|---|---|---|
| First Month: | $1060.00 |  |
| Last Month: | $1060.00 | *1120.00* |
| Security: | $ 500.00 |  |
| Total: | $2620.00 | *2,740.00* |

_Jack Lowen (signature)_
Owner, Rental Agent
Jack Lowen

_Dale Puckett (signature)_
Tenant
Dale Puckett

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------------------X
UNITED STATES OF AMERICA                          No. 9:12-cr-80218-KAM

                                    Plaintiff,

        -against-

JOHN SHEALY, DYLAN HARRISON,

                                    Defendants.
-------------------------------------------------------------------------X

## **EXHBIT 2**

### **Declaration of Dale Puckett Pursuant to 28 U.S.C. § 1746**

I, DALE PUCKETT, hereby declare and states as follows:

1.      I am over the age of eighteen (18), mentally competent, and I am a resident of Palm Beach County, Florida.

2.      I am the President of Stonepuck, LLC ("Stonepuck"), a Florida corporation located in West Palm Beach, FL, and have personal knowledge of all matters at issue.

3.      On or about December 15, 2011, I, d/b/a Stonepuck, entered into a month-to-month lease for commercial space at 5331 Georgia Avenue, West Palm Beach, Florida 33405 (the "Georgia Avenue property").

4.      To the best of my knowledge, at the time of my lease's commencement, Defendants occupied a space adjoining the Georgia Avenue Property.

5.      On May 21, 2012, a large explosion occurred on Defendants' adjoining premises, subsequently causing my premises to catch fire.

6.      The explosion and subsequent fire caused significant damage to the premises, both structurally and to the property therein. The garage door was blown off the building and

*DP*

components in the roof and ceiling melted. Additionally, many tools were damaged beyond repair, and customer property was destroyed, for which I have had to bear the cost of replacement.

7.     The premises were rendered unusable and thus, I was forced to cease Stonepuck's business operations until relocation could be arranged, resulting in lost business profits.

8.     The Defendants' actions caused Stonepuck to lose much of its inventory and tools, the use of its business premises, and consequently, the inability to generate business revenues and profits for a period of time. Stonepuck has undoubtedly suffered incredible financial harm at the hands of Defendants.

9.     I am seeking to recover damages from the Defendants in this matter, and the outcome of this case may assist me in doing so.

FURTHER AFFIANT SAYETH NAUGHT.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4 day of January, 2013.

Dale Puckett